UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 08-327-KSF

CLARENCE RASBERRY, et al.                                                                PLAINTIFFS

v.                                        **OPINION & ORDER**

USF HOLLAND, INC.                                                                         DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the motions in limine of the defendant, USF Holland, Inc. ("Defendant"). The motions, having been fully briefed, are ripe for review by the Court.

This case involves the collision between a tractor-trailer driven by Defendant's driver, Alan Jenkins, and plaintiff, Clarence Rasberry, who was a pedestrian. The collision took place in a parking lot at Love's Truck Stop in Richmond, Kentucky.

**A.      Motion to Preclude Plaintiffs' "Animation" of Accident Scene**

Defendant requests that the plaintiffs, Clarence Rasberry and Joyce Rasberry (collectively "Plaintiffs"), "animation" of the accidence scene be excluded. Plaintiffs do not object to this motion. Therefore, the Court will grant the motion to preclude any "Animation" of the accident scene.

**B.      Motion to Exclude Testimony, Argument or Reference to Cell Phone Use at Time of the Accident**

Defendant argues that all evidence of cell phone use should be excluded because the cell phone bill is unreliable and the bill is unauthenticated. Plaintiffs correctly assert that the bill is self-

authenticating pursuant to Federal Rule of Evidence 803(b). Plaintiffs also argue that the objections go to the weight of the evidence, not admissibility. The Court agrees with the Plaintiffs and will deny the motion to exclude evidence of cell phone use. Defendant's points regarding timing of the calls in relation to the accident can be made on cross-examination or closing argument and do not affect the admissibility of the records.

**C.      Motion for Ruling that Defendant had Right-Of-Way as a Matter of Law**

Defendant asks the Court to rule that, as a matter of law, Mr. Jenkins had the right-of-way in the parking lot pursuant to KRS 189.570. The Kentucky Supreme Court, however, has ruled that the statutory provisions regulating the operation of a motor vehicle are inapplicable where the motor vehicle is being operated on private property at the time of the accident. *Johnson v. Haddix*, 522 S.W.2d 859 (Ky. 1975).

Here, the Love's Truck Stop parking lot is not considered a "roadway" pursuant to the definitions set forth in KRS 189.010. KRS 189.010 provides that a "roadway" is a "portion of the highway improved, designed, or ordinarily used for vehicular travel, exclusive of the berm or shoulder." A "highway" is defined as "any public road, street, avenue, alley or boulevard, bridge, viaduct, or trestle and the approaches to them and includes private residential roads and parking lots covered by an agreement under KRS 61.362, off-street parking facilities offered for public use, whether publicly or privately owned, except for-hire parking facilities listed in KRS 189.700." There is no evidence that the Love's parking lot is subject to an agreement under KRS 61.362, which deals with an agreement between the residential property owner and the Kentucky State Police for monitoring and enforcement. Further, there is no proof that it is an "offstreet parking facility offered for public use" as Defendant argues. Instead, the parking lot is a private, commercial parking lot

2

exclusively available to customers of Love's private business. Thus, the Court will deny Defendant's motion for a ruling that Defendant had the right-of-way as a matter of law.

Accordingly, **IT IS ORDERED**, that Defendant's motion to preclude Plaintiffs' "Animation" is [DE 80] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's motion to exclude testimony, argument or reference to cell phone use at the time of the accident [DE 79] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for ruling that Defendant had right-of-way in the parking lot [DE 81] is **DENIED**.

This 19th day of August, 2009.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge